**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

KYLE P.,

                              Plaintiff,

            - v -                                    Civ. No. 3:21-CV-223
                                                              (DJS)

KILOLO KIJAKAZI, *Acting Comm'r of Soc. Sec.*,

                              Defendant.

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LACHMAN & GORTON | PETER A. GORTON, ESQ. |
| Counsel for Plaintiff | |
| P.O. Box 89 | |
| 1500 East Main Street | |
| Endicott, New York 13761 | |
| | |
| U.S. SOCIAL SECURITY ADMIN. | AMY BLAND, ESQ. |
| Counsel for Defendant | AMANDA J. LOCKSHIN, ESQ. |
| 6401 Security Boulevard | |
| Baltimore, Maryland 21235 | |

**DANIEL J. STEWART**
**United States Magistrate Judge**

## <u>DECISION AND ORDER</u>

### I.  BACKGROUND

Plaintiff filed a Complaint in this matter on February 26, 2021, seeking review of the Commissioner's determination denying Plaintiff's application for disability benefits. Dkt. No. 1.  Following briefing on Motions for Judgment on the Pleadings, Dkt. Nos. 11, 16, 19, & 22, this Court ordered the matter remanded to the Social Security Administration for further proceedings.  Dkt. Nos. 23 & 24.  An award of attorney's fees was previously entered pursuant to the Equal Access to Justice Act ("EAJA").  Dkt. No.

26.   Upon review of the matter on remand, the Administrative Law Judge issued a favorable decision awarding Plaintiff benefits.  Dkt. Nos. 27-1 & 27-3.  Plaintiff's counsel has now filed a Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b).  Dkt. No. 27. Specifically, Plaintiff's counsel seeks attorney's fees in the amount of $20,244.02, of which he would remit to Plaintiff the sum previously awarded under the EAJA.  Dkt. No. 27-1.

For the reasons that follow, the Motion is granted.

## II.  DISCUSSION

The Social Security Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).  This section "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  The court "must give due deference to the intent of the parties, but it ought not blindly approve every fee request made pursuant to a contingent agreement."  *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).

"[A] requested fee based on a contingent fee arrangement should be enforced unless the court finds it to be unreasonable."  *Id.* at 370.  In determining whether a fee is reasonable, a court should consider whether the attorney is responsible for a delay in the proceedings, as well as "whether there has been fraud or overreaching in making the agreement, and whether the requested amount is so large as to be a windfall to the

attorney." *Id.* at 372; *Gisbrecht v. Barnhart*, 535 U.S. at 808.  In determining whether an award would constitute a windfall, the Second Circuit has identified a number of relevant factors including the ability and expertise of counsel, the nature and length of counsel's relationship with the client, the satisfaction of the claimant, and the uncertainty of the outcome of the case.  *Fields v. Kijakazi*, 24 F.4th 845, 854-856 (2d Cir. 2022); *see also Porter v. Comm'r of Soc. Sec.*, 2009 WL 2045688, at *3 (N.D.N.Y. July 10, 2009) (identifying three related considerations).  If the court finds the fee is unreasonable, the court "may reduce the fee provided it states the reasons for and the amounts of the deductions." *Id.*

Here, the contingency fee agreement provides in pertinent part that "[i]n the event of a favorable decision at any point at any level whether through the Federal Court or the Social Security Administration or the Administrative Law Judge or Appeals Council, after the date of this Agreement I agree that the attorney fee charged to me will be 25% of all past due benefits awarded to me and my family (as defined more fully in paragraph 3 herein.")."  Dkt. No. 27-4 at ¶ 2(B).  The amount requested does not exceed the 25% cap, and there is no evidence of fraud or overreaching.

Counsel seeks $20,244.02 in attorney's fees.  Dkt. No. 27.  Counsel notes a total of 80.1 hours expended on this matter at the federal court level.  Dkt. No. 27-2.  This results in a *de facto* hourly rate of approximately $252.74.  Dkt. No. 27-1.  This is well within the range regularly awarded as attorney's fees in this type of case.  *See Insel v. Comm'r of Soc. Sec.*, 2017 WL 6558585, at *1 (N.D.N.Y. Dec. 22, 2017) (finding a *de facto* hourly rate of $416.60 would not be a windfall); *Filipkowski v. Barnhart*, 2009 WL

3

2426008, at *2 (N.D.N.Y. Aug. 6, 2009) (awarding attorney's fees at a *de facto* hourly rate of $743.30).   As for the effort expended by the attorney, counsel prepared and filed an extensive Motion for Judgment on the Pleadings as well as a reply brief.   Dkt. Nos. 11 & 19.   Those documents reveal a lengthy procedural history, including a prior remand from federal court to the Commissioner.   Dkt. No. 11 at p. 1.   In addition, Plaintiff has been awarded significant benefits as a result of the litigation.   *See* Dkt. No. 27-1.   Finally, in reviewing counsel's time log, it generally appears to reflect properly recorded and appropriate attorney work.   Dkt. No. 27-2.   The Court therefore finds that the amount requested would not constitute a windfall, and will not deny the Motion on that basis.   See generally *Fields v. Kijakazi*, 24 F.4th at 854-856.

Finally, the Motion was submitted timely.   "Unless a statute or a court order provides otherwise, the motion [for attorney's fees] must: (i) be filed no later than 14 days after the entry of judgment[.]"   FED. R. CIV. P. 54(d)(2)(B).   This rule applies to Section 406(b) attorney's fee applications following a district court remand of an agency denial of benefits.   *Sinkler v. Berryhill*, 932 F.3d 83 (2d Cir. 2019).   Because the Commissioner typically calculates benefits "months after the district court remands," however, the timeframe may be tolled pending the Commissioner's calculation of benefits following remand, and then would begin to run upon the claimant receiving notice of the benefits calculation.   *Id.* at 86-91.   Here, Defendant does not contest the timeliness of the Motion.   Dkt. No. 31 at p. 2.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Motion for Attorney's Fees (Dkt. No. 27) is **GRANTED**; and it is further

**ORDERED**, that Attorney Gorton is awarded the sum of $20,244.02 as fees pursuant to 42 U.S.C. § 406(b), to be paid from the amount withheld by the Commissioner of Social Security from the past due benefits awarded to Plaintiff; and it is further

**ORDERED**, that Attorney Gorton is directed to remit to Plaintiff the sum of $16,492.26 that was previously awarded (and received) as attorney's fees pursuant to the EAJA; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action in accordance with the Local Rules.

Dated: July 12, 2023
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge